(No. 47393.-)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. THOMAS PIERCE, JR., Appellant.

*Opinion filed January 20, 1976.*

Allan A. Ackerman, of Chicago (Ackerman, Durkin & Egan, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Cook County found the defendant, Thomas Pierce, Jr., guilty of indecent liberties with a child (Ill. Rev. Stat. 1971, ch. 38, par. 11—4(a)(3)), and he was sentenced to imprisonment for not less than 4 nor more than 15 years. The appellate court affirmed (26 Ill. App. 3d 550), and we granted leave to appeal.

In the appellate court the defendant raised issues involving identification procedures, the admissibility of evidence of flight, the State's attorney's closing argument, the instructions to the jury and the sufficiency of the evidence to establish guilt beyond a reasonable doubt. None of these issues is pursued in this court. The defendant also urged in the appellate court that his conviction should be reversed because a statutory requirement that he be examined before trial by two psychiatrists was not complied with. (Ill. Rev. Stat. 1971, ch. 23, pars. 2401-2402.) This issue was raised for the first time in the defendant's reply brief in the appellate court. It is the only issue presented in this court.

The statute upon which the defendant relies was enacted in 1957. Its title was "An Act to provide for trial in a court of record and for a psychiatric examination of persons charged with sexual crimes against children." (Laws of 1957, at 2568.) Its title and its text have been amended from time to time to meet changes in the structure of the State's judicial system. Its key sections now provide:

> "Sec. 1. In all cases in which a person of the age of 17 years and upwards is charged with any violation of a statute or ordinance, the basis of the charge being a sexual crime against a child under the age of 13 years, the trial of such charge shall be in a circuit court.
>
> Sec. 2. The judge of the court in which an indictment or information under Section 1 of this Act is tried shall, before trial, require a psychiatric examination of the person charged. The examination shall be by two

psychiatrists appointed by the court, who shall make a personal examination of the person charged and shall file with the court a report in writing of the result of their examination, a copy of which shall be delivered to the person charged." Ill. Rev. Stat. 1973, ch. 23, pars. 2401, 2402.

Two similar sections are contained in "An Act in relation to sexually dangerous persons, and providing for their commitment, detention, and supervision." (Ill. Rev. Stat. 1973, ch. 38, par. 105–1.01 *et seq.*) But in that civil commitment scheme, as the appellate court has pointed out, the psychiatric examinations are conducted to determine the status of the defendant as a sexually dangerous person. (*People v. Newbern* (1974), 18 Ill. App. 3d 532, 538-39; *People v. Mahoney* (1974), 18 Ill. App. 3d 518.) No comparable objective is stated or can be implied in the statute at hand.

The appellant contends, nevertheless, that the statute imposes an absolute obligation on the trial court to order psychiatric examinations upon the filing of a charge of the kind described in section 1. Such an interpretation, however, would raise constitutional problems since even a defendant who denies participation in any sexual offense would be required to submit to involuntary psychiatric examinations, before trial, without any judicial determination of the appropriateness of such an examination. We hold, therefore, that the statute involved in this case, properly interpreted, requires the court to order psychiatric examinations only when the defendant has requested such examinations. As the appellate court pointed out, there was no request for an examination in the trial court, and the right to such an examination has been waived.

The only mention by this court of statutory provisions here involved was a passing reference in *People v. Flowers* (1972), 51 Ill.2d 25. In that case the defendant's indecent liberties conviction was reversed because the circuit court improperly denied his discovery motion. In a

closing paragraph the majority opinion indicated that on remand the defendant would be entitled to psychiatric examinations pursuant to this statute. The defendant had asserted on appeal a right to have such examinations, so the problem of involuntary examinations was not at issue.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*