THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT PFLEGER, Defendant-Appellant.

Second District (1st Division)   No. 75-378

Opinion filed May 27, 1976.

Ralph Ruebner and Joshua Sachs, both of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:
■■■ In 1973 the defendant was convicted of forgery and given a 3-year term of probation by the trial court. In view of certain conduct of defendant, a petition to revoke probation was subsequently filed by the State late in 1973. The trial court denied this petition. On January 22, 1975, the State filed another petition to revoke probation based on defendant's conviction for grand theft in the State of Wisconsin. On the basis of this

petition, defendant's probation was revoked on April 1, 1975, and he was sentenced to serve from 3 to 9 years' imprisonment. Defendant appeals, contending that his sentence is excessive and urging that he be sentenced to a term of 2 to 5 years' imprisonment in accordance with our decision in *People v. Clyne* (1972), 7 Ill. App. 3d 121. In *Clyne*, unlike the case at hand, we were faced with a situation where the trial court had apparently sentenced defendant upon the basis of a subsequent offense rather than on the basis of the original offense in light of subsequent conduct which reflected upon rehabilitation potential. In this case, unlike *Clyne*, the trial court observed the critical principle that subsequent conduct may reflect upon rehabilitation potential for purposes of determining an appropriate sentence for the original offense. (*People v. Ford* (1972), 4 Ill. App. 3d 291, 293.) Defendant's background as presented to the court indicated that defendant had not responded to a variety of rehabilitative measures which had earlier been attempted. His conduct reflected lack of self-control and utter disregard for authority and did not indicate a likelihood of early rehabilitation. The trial court had a unique opportunity to observe defendant personally, was aware of his background, and, believing his rehabilitation potential indicated a need for imprisonment of substantial duration, sentenced defendant to from 3 to 9 years' imprisonment. The sentence imposed is in accord with law and we do not find it excessive.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.