THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* WILLIAM CHANDLER, Petitioner-Appellant.

First District (3rd Division)   No. 62923

Opinion filed December 30, 1976.

James J. Doherty, Public Defender, of Chicago (James J. O'Regan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Patrick W. O'Brien, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Petitioner, William Chandler, appeals from an order of the circuit court of Cook County denying his petition for relief under the Post-Conviction Hearing Act. The principal issues raised in this appeal are whether petitioner's trial counsel and appellate counsel provided incompetent and ineffective assistance.

We affirm.

The underlying facts in the case are stated in the opinion of the court in *People v. Chandler* (1972), 7 Ill. App. 3d 949, 289 N.E.2d 67.

■■ Petitioner argues that his private trial counsel was ineffective by reason of certain failures to act or object. However, this argument could have been made on appeal of the conviction, but was not, and may have been waived by the failure to have done so. (*People v. James* (1970), 46 Ill. 2d 71, 263 N.E.2d 5.) The rule in such cases was stated in *People v.*

*Frank* (1971), 48 Ill. 2d 500, 503-05, 272 N.E.2d 25, 27-28:

" * * * the doctrine of waiver ought not to bar issues from consideration under the Post-Conviction Hearing Act where the alleged waiver stems from incompetency of appointed counsel on appeal [citations], or denial of counsel on appeal [citation]. * * * In view of the need to protect the right to appeal with the aid of competent counsel, and upon appraisal of the spirit and ultimate purpose of the Post-Conviction Hearing Act, we conclude that the Act provides a proper vehicle for review of those issues as to which review by direct appeal has been unconstitutionally denied by deprivation of the right to appeal, the right to competent counsel on appeal, or the concept of fundamental fairness.

* * *

We recognize no obligation of appointed counsel to brief every conceivable issue on appeal. It is not incompetence for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong."

Petitioner herein especially contends that his appellate counsel's decision not to raise the following issues on appeal was patently wrong.

■■ The first issue concerns the competency of three prosecution witnesses, ages 8, 9 and 10, especially the 9-year-old complaining witness. Petitioner contends that the trial court failed to determine the witnesses' competency, and thereby deprived him of due process of law. Having read the examinations of these witnesses, it is evident that their competency was established of record, and that appellate counsel's failure to raise this issue was not patently wrong.

■■ The second issue concerns the failure to require a psychiatric examination before trial. (Ill. Rev. Stat. 1967, ch. 23, pars. 2401, 2402.) Following the decisions in *People v. Pierce* (1976), 62 Ill. 2d 223, 341 N.E.2d 705, and *People v. Newbern* (1974), 18 Ill. App. 3d 532, 310 N.E.2d 42, we believe that the failure to request such an examination at trial was of questionable harm to Chandler, if at all. Consequently, appellate counsel's failure to raise the issue was not patently incorrect.

■■ The third issue concerns the failure to move to suppress evidence taken from Chandler's brother's apartment. Such a motion was of questionable merit, and it was within the trial counsel's discretion to raise or not raise. Once again, appellate counsel's failure to raise an issue was not patently incorrect.

■■ The fourth issue concerns the trial counsel's failure to strike testimony which disclosed that petitioner may have been "a known sex offender." In any event, this testimony was cumulative of other testimony, such as the statement attributed to Chandler, as discussed in *People v. Chandler*, that he had formerly evaded prosecution for a sex offense.

■■ Finally, it is contended that appellate counsel was ineffective because he did not argue that defendant's trial counsel was incompetent for failing to make the proper objections and motions. Having reviewed all the allegations of trial counsel's purported ineffectiveness, we believe that the record does not sustain these allegations.

To summarize, the allegations of error which respondent claims to be patently meritorious are in fact either highly arguable or nonmeritorious. We cannot say that appellate counsel's representation of defendant was ineffective. It necessarily follows that the trial court properly denied the instant petition for relief under the Post Conviction Hearing Act.

For the abovementioned reasons, the order of the circuit court of Cook County denying the petition for relief is affirmed.

Order affirmed.

McNAMARA, P. J., and MEJDA, J., concur.