THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS MILLER, JR., Defendant-Appellant.

Second District   No. 78-149

Opinion filed June 6, 1979.

Mary Robinson and John Lanahan, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant-appellant Thomas Miller, Jr., pleaded guilty to the offense of burglary, section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 19—1). The court sentenced him to serve a term of three years probation. On November 10, 1977, the sentence of probation was revoked, and defendant was resentenced to serve a term of three to nine years in the Department of Corrections. On appeal, defendant has presented two issues for review: (1) whether the trial court erred in failing to afford him the statutory right of "allocution," which is the right of a defendant to personally address the court prior to sentencing; and (2)

whether the trial court abused its discretion in sentencing defendant to serve a term in excess of the statutory minimum for burglary upon revocation of probation. We affirm.

The facts are not disputed. On February 21, 1975, a Lake County grand jury indicted defendant for the offense of burglary which occurred at a residential apartment in Park City in December of the previous year. On May 9, 1975, defendant entered a negotiated plea of guilty to the charge contained in the indictment. At the time of the offense, defendant was 18 years old and had no prior criminal record. In view of these facts, probation was recommended. Accordingly, the trial court sentenced defendant to a term of three years probation. However, because of family problems, the probation was granted upon the express condition that defendant reside with a married sister.

In February 1976, the People filed the first of five petitions to revoke the sentence of probation. This petition contained two counts, each count alleging that defendant committed the offense of burglary of an apartment house in the Waukegan area. The People subsequently amended the petition to include a third count alleging that defendant had also committed the offense of criminal trespass to land. Defendant admitted the allegations of count III of the petition, and he was held in contempt of court. Revocation of probation, however, was denied. Upon order of the court, the probationary period was extended an additional six months. The record is unclear as to the disposition of the burglary counts.

On December 29, 1976, the People filed a second petition to revoke probation. This petition alleged that defendant committed the offense of attempted burglary at yet another apartment house, and also alleged that defendant had been convicted of the offense of criminal trespass to a motor vehicle. Defendant admitted these charges, but the petition for revocation was once again denied. The order granting probation was amended, and the probationary period was extended an additional two years. Defendant also was ordered to reside at Gateway House for a two-year period.

The People's third petition for revocation of probation was filed in June 1977. This petition alleged that defendant violated the conditions of his probation by leaving the Gateway House facility without the permission of the staff. After a brief hearing, the court ruled that defendant violated the conditions of his probation as alleged in the petition, but once again denied revocation. Defendant was directed to return to Gateway House.

On August 18, 1977, the People filed a fourth petition for revocation of probation. This petition contained two counts, the first of which was terminated favorably to defendant prior to trial. The second alleged that defendant had committed the offense of theft by stealing a 10-speed

bicycle from the front of a Waukegan store on August 14, 1977. A hearing was held on count II of the complaint on September 29, 1977. At the conclusion of the testimony, the trial court ruled that the People had proved the allegations contained in count II, and defendant was held in contempt of court. Sentencing was deferred pending receipt of a report by the probation department.

While sentencing was pending on the previous petition, the People filed the fifth and final petition for revocation of probation. This petition contained a single count alleging that defendant committed the offense of theft, by stealing articles from a Zayre department store on October 19, 1977. A hearing was held on the charges contained in this petition on November 10, at which a security guard testified that he observed defendant attempt to steal infant sleepware from the store. Defendant presented no witnesses. At the conclusion of the hearing, the trial court found that the People proved the allegations contained in the petition "far beyond a reasonable doubt." After brief argument by counsel, the circuit court sentenced defendant to serve an indeterminate term of not less than three years nor more than nine years in the Illinois State Penitentiary.

We now address the merits of the instant appeal. Defendant initially contends that the trial court erred in failing to afford him the statutorily conferred right of allocution. Section 5—4—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—4—1) states that at the sentencing hearing, the trial court shall "afford the defendant the opportunity to make a statement in his own behalf." It is clear from the record that the trial court did not specifically invite defendant to present his own statement before imposing sentence in this case. Defendant argues that this is reversible error *per se*, and urges us to follow the decision of the United States Supreme Court in *Green v. United States* (1961), 365 U.S. 301, 5 L. Ed. 2d 670, 81 S. Ct. 653, which held to that effect.

We cannot agree, however, that the failure of the trial court to ask a defendant whether he wishes to make a statement before sentence is pronounced is an error of the character or magnitude warranting summary reversal of the sentence imposed by the trial court. "It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure." (*Hill v. United States* (1962), 368 U.S. 424, 428, 7 L. Ed. 2d 417, 421, 82 S. Ct. 468, 471.) As the People point out, and as defendant concedes, the reviewing courts of this State have uniformly held that the failure of a trial court to specifically invite a defendant to address the court at the sentencing hearing is technical error only. (*People v. Spiler* (1st Dist. 1975), 28 Ill. App. 3d 178, 182, 328 N.E.2d 201, 204; *People v. Horobecki* (1st Dist. 1977), 48 Ill. App. 3d 598, 363 N.E.2d 1, 5; *People v.*

*Darling* (3d Dist. 1977), 46 Ill. App. 3d 698, 700-01, 361 N.E.2d 121, 123; *People v. Skidmore* (3d Dist. 1978), 56 Ill. App. 3d 862, 869, 372 N.E.2d 723, 729; *People v. Jones* (5th Dist. 1977), 56 Ill. App. 3d 600, 606, 371 N.E.2d 1150, 1154.) We are convinced that *Spiler, Horobecki, Darling, Skidmore,* and *Jones* were correctly decided, and we decline defendant's invitation to follow *Green.*

■■ Moreover, we are satisfied that under the circumstances present in the case at bar, there was no prejudice to the defendant resulting from the trial court's failure to invite him to address the court. Defendant argues that he suffered prejudice because his private counsel withdrew immediately prior to the last revocation hearing, and an assistant public defender was appointed to represent him who was not familiar with the history of the case. We find this argument completely unmeritorious. The public defender was appointed two weeks prior to the last hearing held in this case and represented defendant competently at this hearing. Defendant's counsel was permitted to argue prior to sentencing by the trial court, and her remarks indicate familiarity with the case. We therefore hold that the failure of the trial court to invite defendant to make a statement on his own behalf in this case was merely harmless error.

■ We now address defendant's second contention that the trial court abused its discretion in sentencing him to serve a term of three to nine years imprisonment upon revocation of probation. Defendant argues that the sentence imposed here is excessive in comparison to the offense committed. However, it is well established that subsequent conduct may reflect upon rehabilitation potential for purposes of determining an appropriate sentence for the original offense upon revocation of probation. (*People v. Molish* (1977), 55 Ill. App. 3d 191, 193, 371 N.E.2d 649, 651-52; *People v. Pfleger* (1976), 38 Ill. App. 3d 656, 657, 348 N.E.2d 497, 498.) Defendant's repeated misconduct following his conviction indicated that rehabilitation was not likely and that lengthy imprisonment was necessary for the protection of the public. We find the circumstances present in the case at bar nearly identical to those present in *People v. Pfleger* (1976), 38 Ill. App. 3d 656, 657, 348 N.E.2d 497, 498. As we said in *Pfleger*:

> "Defendant's background as presented to the court indicated that defendant had not responded to a variety of rehabilitative measures which had earlier been attempted. His conduct reflected lack of self-control and utter disregard for authority and did not indicate a likelihood of early rehabilitation. The trial court had a unique opportunity to observe defendant personally, was aware of his background, and, believing his rehabilitation potential indicated a need for imprisonment of substantial duration,

sentenced defendant to from 3 to 9 years' imprisonment." (38 Ill. App. 3d 656, 657.) The sentence imposed by the trial court is thus in accordance with the law. We hold that the trial court did not abuse its discretion in sentencing defendant to a 3- to 9-year term of imprisonment.

The judgment of the Circuit Court of Lake County is therefore affirmed.

Affirmed.

RECHENMACHER and SEIDENFELD, JJ., concur.