(No. 51623.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CRAIG CARRARO *et al.,* Appellants.

*Opinion filed September 19, 1979.*

W. Joseph Gibbs, of Springfield (Edward R. Green, of counsel), for appellant Craig Carraro.

Richard J. Wilson, Deputy Defender, and Jeff Justice and Karen Munoz, Assistant Defenders, of the Office of the State Appellate Defender, of Springfield, for appellant William Gray.

William J. Scott, Attorney General, of Springfield (Donald B. Mackay, Melbourne A. Noel, Jr., and James A. Devine, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendants, Craig Carraro and William Gray, were convicted of battery (Ill. Rev. Stat. 1977, ch. 38, par.

12–3(a)(1)) and criminal damage to property in excess of $150 (Ill. Rev. Stat. 1977, ch. 38, par. 21–1) following a bench trial in the circuit court of Sangamon County. The appellate court affirmed their convictions (67 Ill. App. 3d 81) and issued a certificate of importance to this court under our Rule 316 (58 Ill. 2d R. 316).

Two issues are presented for review. The first is whether a conflict of interest existed which requires a reversal of defendants' convictions, solely because defense counsel was associated in the practice of law with two special assistant Attorneys General who represented the State of Illinois in civil condemnation matters. Defendants contend they had no knowledge of their attorney's association with the special assistant Attorneys General at the time of trial and did not knowingly consent to such representation.

In *People v. Fife* (1979), 76 Ill. 2d 418, 424, this court held that "a conflict of interest exists where defense counsel is a special assistant Attorney General, even though limited to specified noncriminal work, *and* his client in a criminal case is inadequately informed of the affiliation with the Attorney General *and* fails to effect a knowing and intelligent waiver. In such circumstances, actual prejudice need not be shown." (Emphasis in original.) *Fife* stated further that "there is no question that our holding is applicable to those cases in which a member of the same law firm has an affiliation with the Attorney General while another member represents a criminal defendant. See *People v. Stoval* (1968), 40 Ill. 2d 109. *Cf. Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226, 237-38." (76 Ill. 2d 418, 425.) Although *Fife* was applied to the defendant there, by its terms it otherwise applies prospectively only to offenses occurring subsequent to the filing of that opinion. It therefore can provide no basis for relief to Carraro and Gray since the crimes with which they were charged occurred before the decision in *Fife*.

We turn now to the second issue presented to us here. Defendants were charged with causing damage in excess of $150 to a 1970 Plymouth Duster car in violation of section 21—1 of the Criminal Code of 1961, which provides:

"Any of the following acts *** when the damage to property exceeds $150 is a Class 4 felony;
(a) Knowingly damages any property of another without his consent." (Ill. Rev. Stat. 1977, ch. 38, par. 21—1.)

The owner of the car testified without objection that his insurance company estimated the damage to his car at $391. He further testified, over objection on relevancy grounds, that the bill for fixing the car was "$391 and some odd cents." The only other evidence in the record to which defendants point concerning the amount of damage is testimony by defendant Gray that he had worked on cars and could have repaired the victim's car for less than $50. Defendants ask us to determine whether evidence consisting solely of testimony concerning the cost of repairs is sufficient proof of damage to sustain their convictions for causing over $150 damage to the Plymouth Duster.

In this matter of first impression, we agree with the appellate court's determination that evidence of cost of repairs is sufficient to sustain defendants' convictions. The criminal damage to property statute does not establish the nature of the proof the State is required to adduce to establish damage in excess of $150. However, the appellate court properly sought and found guidance in civil damage cases since, in both the civil and criminal contexts, the trier of fact must determine the amount of damage attributable to the defendant. We note, however, that the analogy is not complete since, in criminal cases, the State need not prove the exact amount of damage inflicted in order to assure full compensation to an injured plaintiff; it

need only prove the minimum amount of damage necessary to justify a felony conviction and commensurate punishment.

It has often been held in civil cases that the reasonable cost of repairs is one proper measure of damage to personal property where it is repairable. (See *Byalos v. Matheson* (1927), 328 Ill. 269, 271-72; *Lucas v. Bowman Dairy Co.* (1964), 50 Ill. App. 2d 413, 416; *Santiemmo v. Days Transfer, Inc.* (1956), 9 Ill. App. 2d 487, 502; Fowler, *Loss of Earnings and Property Damage*, 1956 U. Ill. L.F. 453, 460-61.) Furthermore, other jurisidictions, in interpreting their equivalents of our criminal damage to property statute, have concluded that the cost of repairs necessitated by a defendant's conduct is an accurate indication of the damage suffered by the victim and is therefore a proper method by which to determine the defendant's criminal responsibility. See *Nichols v. United States* (D.C. App. 1975), 343 A.2d 336, 342; *Crawley v. State* (Tex. Crim. App. 1974), 513 S.W.2d 62, 65; *Wise v. State* (Tex. Civ. App. 1973), 494 S.W.2d 921, 924.

Neither the defendants nor the State introduced evidence of an alternate measure of damage. We therefore need not evaluate the propriety of any such measure. Moreover, we perceive no constitutional difficulty in placing the burden on the defendant of going forward with evidence of a different measure of damage in order to raise the issue that an alternate measure should be applied to mitigate the amount of damage established by the State through evidence of cost of repairs. *Cf. Mullaney v. Wilbur* (1975), 421 U.S. 684, 701 n.28, 44 L. Ed. 2d 508, 521 n.28, 95 S. Ct. 1881, 1891 n.28; see also *Patterson v. New York* (1977), 432 U.S. 197, 207, 53 L. Ed. 2d 281, 290, 97 S. Ct. 2319, 2325.

We also agree with the appellate court's determination that defendant Carraro's objection to the relevance of the car owner's testimony regarding what he paid for repairs is

groundless in light of the holding that the cost of repairs is a proper measure of damages. (See *Byalos v. Matheson* (1927), 328 Ill. 269, 272.) In addition, the record supports the appellate court's conclusion that defendant Carraro failed to object to the testimony concerning the insurance company's estimate of the cost of repairs and thus failed to preserve the issue for review (*People v. Akis* (1976), 63 Ill. 2d 296, 299; *People v. Trefonas* (1956), 9 Ill. 2d 92, 98-99). Defense counsel merely stated, sometime after the evidence was introduced, that he would have objected had he had time.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*