THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EDWARD TAYLOR, Defendant-Appellant.
First District (5th Division)   No. 79-464

Opinion filed March 28, 1980.

James J. Doherty, Public Defender, of Chicago (Nancy M. Joslyn and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Armand L. Andry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Following a jury trial, defendant was found guilty of robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—1) and was sentenced to a term of four years. The sole issue on review is whether section 5—4—1 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—4—1) requires the trial court to specify on the record the particular evidence, information, factors and other reasons which entered into the sentencing determination. In view of this, a brief summary of the facts will suffice.

The evidence presented at trial established the following facts. At about 6:30 p.m. on September 21, 1977, the complainant parked on Madison Street between Canal and Clinton and exited his car. Defendant approached him and requested the car keys two times. Defendant then

struck the complainant, who fell to his hands and knees and defendant continued to strike him. Defendant again asked for the keys and the complainant pointed to them on the ground. Defendant picked them up and attempted to unlock two cars, neither of which was the complainant's. When one witness approached defendant and complainant, defendant ran down Madison Street. The witness pursued defendant while a second witness hailed a police car which picked up the complainant. Defendant was arrested a short distance away. The police retraced the defendant's path from the crime scene and found the keys. The complainant was taken to a hospital while defendant was taken to jail.

The jury found defendant guilty of robbery. On December 1, 1978, after a full explanation of the sentencing alternatives by the court, pursuant to his statutory right (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1008—2—4), defendant elected to be sentenced under the law in effect at the time of sentencing rather than the law in effect at the time of the crime. Defendant received a copy of the presentence investigation report. In aggravation, the prosecutor reviewed the facts of the case and defendant's prior criminal record, which included convictions for counterfeiting and forgery. In mitigation, defendant's counsel reviewed defendant's family background and his mental condition. Defendant was given an opportunity to speak in his own behalf but declined to do so. The trial court then stated: "All right. The defendant has nothing further to say. I sentence you, Mr. Taylor, to serve four years in the Illinois Department of Corrections. *Mittimus* will issue."

■■ Defendant's sole contention on appeal is that the trial court erred in failing to specify on the record the factors which led to its sentencing determination. He submits that because of this the cause should be remanded for a proper sentencing hearing. While we agree that the trial court was required to specify the factors which led to its determination, we find that in the absence of a showing of any prejudice caused by the omission, defendant's cause need not be remanded for resentencing.

Defendant elected to be sentenced under the Unified Code of Corrections as amended by Public Act 80-1099, effective February 1, 1978, and Public Act 80-1387, effective August 18, 1978. Section 5—4—1(c) of the amended Code (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—4—1(c)) provides:

> "(c) In imposing a sentence for a felony, the trial judge shall specify on the record the particular evidence, information, factors in mitigation and aggravation or other reasons that led to his sentencing determination. The full verbatim record of the sentencing hearing shall be filed with the clerk of the court and shall be a public record."

It is clear that this section was applicable to defendant's sentencing hearing and that its requirements were not met. The critical issue is what is the effect of the omission. *People v. Rickman* (1979), 73 Ill. App. 3d 755, 391 N.E.2d 1114, involved an identical claim. The court noted that the sentencing statute required the statement and was apparently satisfied that the requirement had not been met. Without discussing any possible prejudice resulting from the omission, the court remanded the matter for a proper sentencing hearing. Under the facts of this case we find that in light of the purpose for requiring inclusion of the statement and in the absence of any showing of prejudice to the defendant, a remand for resentencing is not necessary.

The new sentencing act, which is commonly referred to as "Class X," was a legislative response to the disparate sentences imposed on similarly situated defendants. (See *People v. Cox* (1979), 77 Ill. App. 3d 59, 396 N.E.2d 59, *appeal allowed* (1980), 79 Ill. 2d 627.) It provides for a "determinate" sentence which specified a fixed amount of time within the statutory range rather than an "indeterminate" sentence which includes a minimum and maximum sentence. (See *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.) The new act also expands the review of sentencing decisions by substituting a "rebuttable presumption" of validity (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1) for the former "abuse of discretion" standard. (See *People v. Choate*; *People v. Cox*.) To facilitate the objective review of sentencing decisions, the new act requires that the trial judge specify the reasons for imposing a particular sentence and that the statement be made part of the record. (*People v. Cox*; *People v. Choate*.) The purpose of requiring the statement therefore is to provide an accurate basis for review of the sentence rather than to leave the appellate court to speculate as to the judge's rationale which may have been the practice under the "abuse of discretion" standard.

■ In view of this purpose, we can perceive no prejudice suffered by defendant because of the failure of the trial judge to specify the reasons for the sentence. As already noted, there is a rebuttable presumption that the sentence is correct. Defendant has not alleged that his sentence was excessive, that incompetent evidence was considered by the trial court, or that the sentence imposed was not within the statutorily permissible range. In view of his two prior convictions, the nature of the attack, and the information contained in the presentence report, it could hardly be contended that a sentence one year greater than the minimum was excessive or improper.

The omission of statutorily required procedures as sentencing hearing has been found to be only technical or formal error which does not require remedying. In *People v. Skidmore* (1978), 56 Ill. App. 3d 862, 372

N.E.2d 723, *cert. denied* (1978), 439 U.S. 912, 56 L. Ed. 2d 258, 99 S. Ct. 282, *People v. Jones* (1977), 56 Ill. App. 3d 600, 371 N.E.2d 1150, and *People v. Miller* (1979), 72 Ill. App. 3d 416, 390 N.E.2d 971, the trial court's failure to afford the defendant his statutorily required opportunity to speak in his own behalf was not found to be error of a sufficient magnitude to require voiding the sentence. While the omission of the court's statement in the instant case was error, it did not void the sentence, nor has defendant rebutted the presumption that the sentence was proper. As noted in *Jones*, under the circumstances presented here, we are satisfied that the sentence imposed would not have been different had the court specified its reasons for the sentence.

■ Defendant does not seek any relief other than the inclusion of the trial court's reasons for his sentence. He does not seek to have his sentence reviewed nor does he claim any prejudice resulted from the omission of the statement. In the trial court, he did not request or move for a statement of the court's reasons for the sentence imposed, did not make any objection to the omission at the sentencing hearing, nor did he include the ground in any post-trial motion. The reasoning in *People v. Trefonas* (1956), 9 Ill. 2d 92, 136 N.E.2d 817, concerning waiver by failure to object to inadmissible evidence at trial is equally applicable here. There the court stated: "A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at trial." (9 Ill. 2d 92, 98.) If defendant had objected to the court's failure to include the statement, the error could have been corrected immediately and the need for an appeal avoided. It is clear that the statute entitles defendant to a statement and that it would be error for the court to refuse to make a statement if requested. However, we find that defendant's failure to present the question to the trial court and thereby allow it to supply the omitted statement should preclude him from urging the issue on appeal. (*People v. Trefonas*; *People v. Carraro* (1979), 77 Ill. 2d 75, 394 N.E.2d 1194.) Under these circumstances we find defendant's request for a new sentencing hearing to be without merit.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.