THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JORGE PADILLA, Defendant-Appellant.

First District (2nd Division)    No. 80-172

Opinion filed December 9, 1980.—Rehearing denied January 9, 1981.

Ralph Ruebner and Richard E. Cunningham, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Thomas J. Leanse, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant, Jorge Padilla, was charged by information with murder and armed violence. After a bench trial he was found guilty of voluntary manslaughter and sentenced to a 5-year term. On appeal defendant asks this court to review (1) whether the evidence at his trial was insufficient to prove him guilty beyond a reasonable doubt, (2) whether his sentence should be reduced to one of probation, and (3) whether the trial court's failure to indicate reasons for his sentencing determination requires a new sentencing hearing.

The record indicates that on October 16, 1978, at approximately 11 p.m., an altercation arose between defendant and the victim, Antonio Mentado. Earlier that evening defendant and two acquaintances were seen in the company of two women at a tavern located on North Ashland Avenue, Chicago. Bertha Flores, the tavern's owner, testified that Mentado approached one of those women and began "bothering" her. Defendant asked Mentado to desist and Mentado complied. Defendant and his company left the tavern about five minutes later. Mentado left approximately an hour later.

Francisco Lopez testified that he owned a tavern several storefronts north of the Flores establishment. At about 10:45 that evening he saw Mentado, Rigoberto Rodriguez, Pedro Barrientes and defendant cross Ashland Avenue. Defendant then began to chase Mentado. Although Lopez could not see them clearly, he heard the sound of breaking glass. Mentado then pulled a tire iron from within his jacket and began to chase defendant. Lopez lost sight of the chase when the pair turned west at a street intersection. Two or three minutes elapsed before Mentado and defendant appeared at the mouth of the alley parallel to Ashland Avenue and intersecting Bauwans. Mentado continued his efforts at striking

defendant. Meanwhile, Barrientes entered his car which was parked on Ashland and drove westward on Bauwans to the alley intersection. Lopez testified he saw the passenger side door open and defendant lean into the passenger compartment. "[A]bout two or three seconds" later he heard a gunshot. Defendant got into the car and sped away.

Pedro Barrientes testified defendant had at least one opportunity to know that Barrientes kept a gun in his car's glove compartment. He stated that when defendant opened the car door to escape Mentado, the latter was about 30 or 40 feet behind defendant. Defendant bent over and entered the car halfway, reached into the glove compartment, and took Barrientes' gun. Barrientes said, "Let's go." He then depressed the accelerator pedal and the car stalled. While he tried to start the engine, he heard a gunshot. The engine started, defendant jumped into the car, and they drove away. Barrientes also testified he asked defendant, "What did you do," and defendant replied, "Oh, nothing. Nothing. I just trying to scare him." Defendant then hit his chest twice and said, "I did it."

Rigoberto Rodriguez testified that the handgun was in Barrientes' possession a short time prior to the shooting. Rodriguez also contested Barrientes' location of Mentado when defendant approached the waiting getaway car. He did not see a gun in defendant's hand.

After argument of counsel, the trial judge found defendant guilty of voluntary manslaughter. During a subsequent sentencing hearing, defendant's supervisor testified he could return to his employment if he were released from custody. Lucera Corona testified she intended to marry defendant.

## I.

■ Defendant claims the evidence at trial did not prove him guilty beyond a reasonable doubt. He contends that Barrientes' uncorroborated testimony was insufficient to convict because Barrientes was offered dismissal of the charges pending against him in exchange for the testimony. Furthermore, defendant contends Barrientes' testimony is contradicted by testimony of other witnesses. Defendant's contentions are without merit.

The uncorroborated testimony of an accomplice may be sufficient evidence to support a conviction. Our supreme court has stated, "[s]uch testimony should be subject to careful scrutiny, 'acted upon with great caution' [citation], and have the 'absolute conviction of the truth' [citation]. It is also true that whether accomplice testimony, corroborated or uncorroborated, is a satisfactory basis for conviction goes to the weight of the evidence and is, therefore, in the province of the jury or the court. [Citations.]" (*People v. Wilson* (1977), 66 Ill. 2d 346, 349, 362 N.E.2d 291.) We have thoroughly reviewed the record. We are satisfied that defendant

was proved guilty beyond a reasonable doubt. (See *People v. Davis* (1975), 33 Ill. App. 3d 105, 109, 337 N.E.2d 256.) Accordingly, defendant's conviction is affirmed.

## II.

### A.

■■ Defendant next contends that his sentence is excessive and, under the authority of section 5—5—4.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—4.1), should be reduced to probation. The Illinois Supreme Court recently held that said section, which authorizes reviewing courts to reduce a sentence to probation, is an unconstitutional exercise of legislative authority over the judicial standard of sentence review. (*People v. Cox* (1980), 82 Ill. 2d 268, 273-74, 412 N.E.2d 541, *rev'g* (1979), 77 Ill. App. 3d 59, 396 N.E.2d 59.) This court has no authority to reduce a sentence of imprisonment to one of probation. *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 556, 301 N.E.2d 300.

### B.

Defendant also contends his sentence is improper because the trial court did not indicate for the record what factors it contemplated in arriving at its determination of sentence.

After hearing witnesses in mitigation for the defendant, the trial court stated: "Jorge Padilla, the Court has found you guilty * * * of voluntary manslaughter * * *. Based upon that, Jorge Padilla, the Court will hereby sentence you to serve a sentence of five years * * *." No other statement regarding sentencing was made.

■■ Section 5—4—1(c) requires the sentencing court to specify on the record what evidence or reason it relies upon in arriving at a sentencing determination. A sentencing court need not state every factor it considers, for it may be in substantial compliance with the provision where the record indicates it considered factors in mitigation and aggravation. (*People v. Meeks* (1980), 81 Ill. 2d 524, 534-35, 411 N.E.2d 9.) It has even been held that where a sentencing judge articulates factors in aggravation for the record, a court of review may assume the judge properly considered factors in mitigation. (*People v. Bruno* (1979), 68 Ill. App. 3d 768, 775, 386 N.E.2d 550, *appeal denied*, (1979), 75 Ill. 2d 591.) And where a defendant attacks the court's failure to specify the factors considered, a sentence will not be vacated in the absence of an allegation of an excessive sentence. (See, *e.g., People v. Taylor* (1980), 82 Ill. App. 3d 1075, 1077-78, 403 N.E.2d 607 (where defendant had prior record, did not seek review of sentence as excessive, and no prejudice shown, court's failure was a mere technical violation).) The instant defendant, however, complains of an excessive sentence. His argument is based upon facts

which show he might have been given a lesser sentence or some other disposition. We cannot review that claim when the trial court remained silent as to any factor considered. We can only conclude that neither actual nor substantial compliance is shown. Accordingly, defendant's sentence of 5 years is hereby vacated and the cause is remanded for a new sentencing determination pursuant to statute.

In accordance with the aforementioned reasons, defendant's conviction is affirmed, his sentence is vacated, and the cause is remanded for proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

STAMOS and HARTMAN, JJ., concur.