THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERALD TYUS, Defendant-Appellant.

Fourth District   No. 16849

Opinion filed June 16, 1981.

Daniel D. Yuhas and James K. Zerkle, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

On April 16, 1979, defendant, Jerald Tyus, pleaded guilty to the charge of attempt robbery in violation of sections 8—4 and 18—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4 and 18—1) and was placed on probation for a period of 2 years commencing May 7, 1979. One of the conditions of defendant's probation was that he not violate any other criminal statutes of any jurisdictions. On August 13, 1980, a petition to revoke defendant's probation was filed alleging that defendant had committed the offenses of escape and aggravated battery in violation of sections 31—6 and 12—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 31—6 and 12—4). A hearing was held on the petition at the conclusion of which the trial court determined that defendant had been proved guilty of both offenses by a preponderance of the evidence, thus establishing a violation of a condition of defendant's probation. The court then revoked defendant's probation.

A sentencing hearing was held at which the State presented no further evidence. The defendant and his fiancée testified in mitigation. The presentence report submitted to the court recommended against probation, and the Assistant State's Attorney recommended a sentence of 3 years' imprisonment. Defendant requested that he be kept on probation or given a short period of incarceration. If the court was unwilling to do either of those alternatives, defendant requested the minimum sentence.

The trial court sentenced defendant to 2 years' imprisonment, the statutory minimum term of imprisonment for attempt robbery (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(c)(4) and par. 1005—8—1(a)(6)). In sentencing the defendant, the trial court simply stated:

"Show the evidence heard and arguments heard.

We are dealing here with a situation where probation was granted to this defendant originally, and I believe against the recommendation of both the people and the probation Office, and—this defendant has once again involved himself in a crime of violence. So I feel for all that probation must be terminated in this particular situation. And I do terminate the defendant's probation and revoke it.

And I do sentence the defendant to the Department of Corrections of the State of Illinois for a determinate term of two years."

Citing *People v. Rickman* (1979), 73 Ill. App. 3d 755, 391 N.E.2d 1114, defendant asserts as the sole issue on appeal that he was denied his statutory rights to a proper sentence hearing because the trial court failed to state its reasons for imposing the sentence. Defendant contends that by reason of the alleged error, the cause must be remanded for a proper sentencing hearing.

In addition to the trial court's statement in colloquy concerning defendant's further crime of violence while on probation, the record discloses that the written judgment order included statements that the court had considered the nature and circumstances of the offense as well as the history and character of the defendant, and found that defendant's imprisonment was necessary for the protection of the public and that defendant was in need of correctional treatment that could most effectively be provided by imprisonment.

While section 5—4—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(c)) provides that "(c) In imposing a sentence for a felony, the trial judge shall specify on the record the particular evidence, information, factors in mitigation or aggravation or other reasons that led to his sentencing determination," we conclude that the opinion in *Rickman* does not require that this case be remanded for a further sentencing hearing.

The sentence imposed was the statutory minimum, and the defendant has not alleged that the sentence was excessive, or that he was prejudiced by the asserted failure of the trial court to recite all statutory references. The same argument was presented in *People v. Taylor* (1980), 82 Ill. App. 3d 1075, 403 N.E.2d 607. That court found that remanding for a new sentence hearing was unnecessary, stating:

> "Defendant has not alleged that his sentence was excessive, that incompetent evidence was considered by the trial court, or that the sentence imposed was not within the statutorily permissible range." 82 Ill. App. 3d 1075, 1077, 403 N.E.2d 607, 609.

In *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9, defendant contended that the trial court had failed to comment upon her educational background and employment history. As to such argument, the court stated:

> "The requirement that the trial judge set forth his reasons in the record for the particular sentence imposed does not obligate the judge to recite, and assign a value to, each fact presented in evidence at the sentencing hearing." 81 Ill. 2d 524, 534, 411 N.E.2d 9, 14.

In *Meeks*, there was a further contention that the presentence report failed to comply with the applicable statute in that it failed to set out community resources which might be available to rehabilitate the defendant. The opinion held that the error was not preserved for review. The court stated:

> "It is the duty of the parties, however, to bring to the attention of the sentencing authority any alleged deficiency or inaccuracy in the presentence report. * * * any objections to the sufficiency of

the report must first be presented to the trial court." 81 Ill. 2d 524, 533, 411 N.E.2d 9, 14.

Accord, *People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323; *People v. Pierce* (1976), 62 Ill. 2d 223, 341 N.E.2d 705.

In appeals asserting that a failure of the trial court to comply with section 5—4—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par 1005—4—1(c)) required remandment for a new sentence, the appellate court has found waiver of the formal statutory error for the reasons stated in *Meeks*. *People v. Taylor* (1980), 82 Ill. App. 3d 1075, 403 N.E.2d 607; *People v. Baseer* (1980), 90 Ill. App. 3d 866, 414 N.E.2d 5; *People v. Harvey* (1980), 92 Ill. App. 3d 465, 415 N.E.2d 1161.

As noted in *Taylor*, if defendant had objected to the failure of the trial court to expand his statement concerning sentence, the error could have been corrected immediately, and that court concluded that defendant's failure to present the question to the trial court and thereby allow it to supply an omitted statement should preclude him from using the issue on appeal. *People v. Carraro* (1979), 77 Ill. 2d 75, 394 N.E.2d 1194.

There being no contention that the trial court abused its discretion in imposing sentence, the judgment of the trial court is affirmed.

Affirmed.

GREEN and WEBBER, JJ., concur.