THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RON W. SMITH, Defendant-Appellant.

Third District No. 82—121

Opinion filed September 9, 1982.

Robert Agostinelli and Charles W. Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

Following a bench trial, the defendant, Ronald W. Smith, was found guilty of burglary and was sentenced to seven years imprisonment. On appeal, the defendant argues that his sentence should be vacated and this cause remanded to the trial court for a new sentencing hearing because the trial judge failed to adequately specify on the record the reasons for his sentencing determination. We affirm.

Consideration of the merits of the defendant's argument does not require a recitation of the facts underlying his conviction. Accordingly, we turn to the events of the defendant's sentencing hearing held on February 16, 1982. Neither the State nor the defense called any witnesses at the hearing. The defendant was represented by counsel, who offered in mitigation only the results of a test which showed that the defendant is not an addict entitled to election of treatment even though he has alcohol and drug problems. The State offered in aggra-

vation evidence of the defendant's two prior burglary convictions in January 1978 and March 1978. Presentence reports were also submitted.

Sentence was imposed by the trial judge in the following words:

"All right. The judgment of the Court is that the defendant be and he is hereby sentenced to imprisonment in the penitentiary system of the State of Illinois for a term of seven years. Let the judgment order show and the clerk is directed to endorse thereon a sentence credit of 192 days for continuous incarceration in the Will County Jail on this charge. Defendant is remanded to custody of the Sheriff of Will County with directions to deliver him to the appropriate facility of the Department of Corrections."

Obviously the judge failed to set forth his reasons for imposing a seven-year sentence upon the defendant as required by Section 5—4—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1(c)). The State agrees that the trial judge failed to comply with the requirements of section 5—4—1(c) and recognizes that such an omission in the record has been held to require vacation of the sentence and remandment for a new sentencing hearing. (*People v. Rickman* (1979), 73 Ill. App. 3d 755, 391 N.E.2d 1114.) The State argues, however, that the defendant's failure to request a statement of the court's reasons or to object or include this issue in a post-trial motion waives consideration of the error on appeal.

In support of its waiver contention, the State cites to *People v. Baseer* (1980), 90 Ill. App. 3d 866, 414 N.E.2d 5, in which the reviewing court found the defendant had waived the exact issue raised here and noted with approval the reviewing court's statement in *People v. Taylor* (1980), 82 Ill. App. 3d 1075, 1078, 403 N.E.2d 607, 610:

"If defendant had objected to the court's failure to include the statement, the error could have been corrected immediately and the need for an appeal avoided. It is clear that the statute entitles defendant to a statement and that it would be error for the court to refuse to make a statement if requested. However, we find that defendant's failure to present the question to the trial court and thereby allow it to supply the omitted statement should preclude him from urging the issue on appeal. [Citations.]"

In *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9, our supreme court acknowledged a deficiency in the defendant's presentence report but held that the defendant had waived any consideration of the deficiency on appeal by her failure to first present the objections

to the trial court. Likewise, the present defendant has waived the issue he purports to argue on appeal.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY, P. J., and SCOTT, J., concur.