NOTICE
Decision filed 04/25/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220098-U

NO. 5-22-0098

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 21-CF-502 |
| | ) | |
| MALCOM K. COMER, | ) | Honorable |
| | ) | Roger B. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because any rational trier of fact could have found that the defendant caused property damage exceeding $500 in value, the defendant's conviction and sentence are affirmed.

¶ 2    On May 5, 2021, the State charged the defendant, Malcolm K. Comer, with one count of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2020)) and one count of criminal damage to property, exceeding $500 (720 ILCS 5/21-1(a)(1) (West 2020)). Following a jury trial, the defendant was acquitted of domestic battery and convicted of criminal damage to property, exceeding $500. The defendant was sentenced to 90 days in the county jail, a remission hearing if necessary, 25 hours of public service work, and ordered to obtain a substance abuse evaluation and complete anger management classes. The defendant appeals his conviction and sentence.

1

¶ 3                                    I. Background

¶ 4      On May 4, 2021, the defendant and Sharita Hill went out to dinner, where the defendant became intoxicated. The defendant and Hill have a child in common but were no longer living together. An argument ensued during the drive back from dinner. Upon their arrival at Hill's home, she went inside to gather the defendant's clothes he had laundered earlier in the day. The defendant then forced his way into her home, and once inside, as the argument continued, the defendant damaged items of property, including drywall, a laptop, a screen door, siding, and two chairs.

¶ 5      The Champaign County Sheriff's Department responded to Hill's residence. Deputies interviewed Hill and took photographs of the property damage. At trial, Deputy Livingston testified that the screen door was off the hinges, and the frame was bent. He also testified that the laptop was snapped in half and did not fit back together properly and that there was a hole in the drywall. The deputy further testified that the siding had been damaged where the Ring doorbell camera had been ripped off. Although he did not testify unequivocally about the extent of the damage to the table and chairs, photographic evidence was admitted which depicted that damage.

¶ 6      Hill and two of her neighbors testified at trial, all describing the damage they observed. Hill testified that she paid approximately $1200 for the table and chairs set and between $300 and $400 for the laptop. The trial court noted the value of the damage was "kind of sketchy" and a "tougher call." Accordingly, over defendant's objection, the trial court, *sua sponte*, instructed the jury on the lesser included offense of criminal damage to property, not exceeding $500.

¶ 7                                    II. Analysis

¶ 8      The defendant's sole argument on appeal is that the State failed to prove beyond a reasonable doubt that the property damage exceeded $500. On the challenge to the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most

2

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Piatkowski*, 225 Ill. 2d 551, 566 (2007). "Stated simply, the resolution of the defendants' guilt or innocence depended on the credibility of the witnesses and the weight given their testimony." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). There is no definite requirement regarding how the value of the property damage must be proven. *People v. Carraro*, 77 Ill. 2d 75, 79 (1979). As set forth in subsection (b) of the statute, "[w]hen the charge of criminal damage to property exceeding a specified value is brought, the extent of the damage is an element of the offense to be resolved by the trier of fact as either exceeding or not exceeding the specified value." 720 ILCS 5/21-1(b) (West 2020).

¶ 9    Neither party disputed that the defendant caused the property damage. The dispute was the dollar amount of that damage. Hill testified that she purchased the laptop a couple of weeks prior and paid between $300 and $400. She also testified that the table and chairs were purchased as a set for approximately $1200. She testified that the laptop was snapped in half and two of the chairs were broken. Deputy Livingston testified the screen door was broken off; there was damage to the siding; and there was a large, complete hole in the drywall. The jury also viewed photographs of this damage. We find that this evidence alone was more than sufficient to support the jury's finding that the property damage caused by the defendant exceeded $500 in value.

¶ 10    The jury was instructed to "consider all the evidence in the light of your own observation and experiences in life." Illinois Pattern Jury Instructions, Criminal, No. 1.01 (approved July 18, 2014). We agree with the State's argument that the jury members were free to use their own observations and experience regarding the current rate of inflation as additional support for their conclusion that the value of the property damage exceeded $500.

¶ 11    "[A] conviction can be sustained upon circumstantial evidence as well as upon direct."

*People v. Russell*, 17 Ill. 2d 328, 331 (1959). "Circumstantial evidence is the proof of certain facts and circumstances in a given case from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind." (Internal quotation marks omitted.) *People v. Rhodes*, 85 Ill. 2d 241, 248-49 (1981). Accordingly, having examined photographs of the property damage and having made inferences using their life experience, the jury ultimately determined that the cumulative property damage exceeded $500.

¶ 12    The defendant places much emphasis on comments by the trial court that the monetary amount of damage presented at trial was "sketchy" and "a tougher call." Acknowledging this concern, the trial court gave the jury the option to find that the dollar amount of the damage caused by the defendant was less than $500, when it submitted the lesser included offense jury instruction, *sua sponte*.[1] "The trial judge must transcend the limitations of the adversarial system and give instructions which safeguard justice, society's interest in avoiding the unjustified exoneration of wrongdoers and in punishing a defendant only to the extent of his crime." *People v. Garcia*, 188 Ill. 2d 265, 281 (1999). There is no doubt that after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of criminal damage to property beyond a reasonable doubt. *Piatkowski*, 225 Ill. 2d at 566.

¶ 13                                         III. Conclusion

¶ 14    We find that after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of criminal damage to property

---

[1]The State did not request this instruction, and the defendant objected. The issue of the trial court's decision to give this lesser included instruction, *sua sponte*, was not raised by the defendant in this appeal.

exceeding $500 beyond a reasonable doubt. *Piatkowski*, 225 Ill. 2d at 566. We affirm the defendant's conviction and sentence.

¶ 15    Affirmed.